**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **U.S. Commodity Futures Trading Commission,** | ) | |
| **Plaintiff,** | ) | **No. 09 CV 05443** |
| **v.** | ) | **Judge Zagel** |
| **Scott M. Ross, Maize Capital Management, LLC, and Maize Asset Management, LLC,** | ) | |
| **Defendant.** | ) | |

**<u>CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS SCOTT M. ROSS, MAIZE CAPITAL MANAGEMENT, LLC and MAIZE ASSET MANAGEMENT, LLC</u>**

## INTRODUCTION

On September 4, 2009, the Commodity Futures Trading Commission ("CFTC" or "Commission") filed the complaint in this action against defendants Scott M. Ross ("Ross"), Maize Capital Management, LLC ("Maize Capital") and Maize Asset Management, LLC ("Maize Asset") (collectively, "Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq*. (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), § 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq*. (2009).

## CONSENTS AND AGREEMENTS

To effect settlement of the certain matters alleged in the Complaint against Defendants without a trial on the merits or any further judicial proceedings, Defendants:

1. Consent to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief ("Consent Order");

2. Affirm that Defendants have agreed to this Consent Order voluntarily, and that no threat, or promise other than as specifically contained herein, has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledge service of the summons and Complaint;

4. Admit the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

6. Waive:

a. any and all claims that they may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), relating to, or arising from, this action;

b. any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act, 1996 HR 3136, Pub. L. No. 104-121 §§ 201-253, 110 Stat. 847 (1996), as amended by 2007 HR 2206, Pub. L. No. 110-28, § 8302, 121 Stat. 112 (2007), relating to or arising from this action;

c. any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

d. all rights of appeal from this Consent Order;

5. Consent to the continued jurisdiction of this Court for the purpose of resolving the issues of restitution and a civil monetary penalty and enforcing the terms and conditions of this

Consent Order and for any other purposes relevant to this case, even if Defendants now or in the future reside outside the jurisdiction;

6. Agree that neither the Defendants nor any of their agents or employees under any of their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegations in the Complaint, or findings or conclusions in this Consent Order, or creating, or tending to create, the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants': i) testimonial obligations, or ii) rights to take legal positions in other proceedings to which the Commission is not a party. Defendants shall undertake all steps necessary to ensure that their agents and employees understand and comply with this agreement; and

7. Agree that, with respect to any bankruptcy proceeding relating to Defendants, a Commission registration proceeding related to Defendants and any proceeding to enforce this Consent Order, the allegations of the Complaint and all of the findings and conclusions in Parts III and IV of this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof. Furthermore, Defendants agree to provide immediate notice to this Court and the CFTC by certified mail, in the manner required by Part VI of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against any of them.

8. Agree that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding.

## FINDINGS OF FACT

### A. Jurisdiction and Venue

9. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person who has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order promulgated thereunder.

10. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Ross was a resident of this district and Defendants transacted business, among other places, in this district, and the acts and practices in violation of the Act have occurred, among other places, within this district.

### B. Parties to this Consent Order

11. Plaintiff, **Commodity Futures Trading Commission**, is an independent federal regulatory agency that is charged by Congress with responsibility for administering and enforcing the provisions of the Act. The CFTC is authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), to bring a civil action to enjoin any act or practice constituting a violation of the Act, to enforce compliance with the Act, and to seek civil penalties.

12. Defendant **Scott M. Ross** resides in Gilberts, Illinois. He is the chief operating officer of both Maize Capital and Maize Asset. He has never been registered with the CFTC in any capacity.

13. Defendant **Maize Capital Management, LLC** is an Illinois limited liability company established in March 2008. Its principal address is 1901 Roselle Road, Schaumburg, Illinois 60195. Maize Capital was the general partner and operator of the Maize Fund, LP (the "Fund"). Because Maize Capital represented to participants and prospective participants that

the Fund was established in part to trade commodity futures, the Fund was a commodity pool and Maize Capital acted as its commodity pool operator ("CPO"). Maize Capital has never been registered in any capacity with the CFTC, but filed a Notice of Exemption with the National Futures Association ("NFA") claiming it was an exempt CPO under Regulation 4.13(a)(4), 17 C.F.R. § 4.13(a)(4) (2009).

14. Defendant **Maize Asset Management, LLC** is an Illinois limited liability company established in March 2008. Its principal address is 1901 Roselle Road, Schaumburg, Illinois 60195. Maize Asset was retained by Maize Capital to exercise discretionary trading authority over the Maize Fund as a commodity trading advisor ("CTA"). Maize Asset has never been registered with the CFTC in any capacity.

**C. Defendants' Illegal Scheme**

15. Since on or before June 18, 2008, defendants willfully or with reckless disregard fraudulently solicited and accepted at least $6 million from public customers for investment in the Fund, a commodity pool, for the purpose of trading foreign exchange contracts and futures contracts. Defendants made material misrepresentations to participants and prospective participants, including but not limited to, distributing false trading statements to participants that reflected large profits, when the Defendants actually incurred consistent trading losses, claiming that the Fund had an independent administrator and an independent auditor when it did not, and claiming that the Defendants would only accept investments from qualified investors when, in fact, Defendants accepted investments from persons that were not qualified investors.

16. Defendant Maize Capital made use of the mails and interstate wires in connection with its business as a CPO, but was not registered as such under the Act.

17. Defendants caused participant funds to be received by Maize Asset, and not the Fund.

**CONCLUSIONS OF LAW**

18. By making material misrepresentations and providing false statements to pool participants, Defendants violated Sections 4b(a)(1)(A) – (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A) – (C), which make it unlawful for any person to cheat or defraud or attempt to cheat or defraud; or willfully make or cause to be made to other persons false reports or statements, or willfully enter or cause to be entered for other persons false records; or willfully deceive or attempt to deceive by any means whatsoever other persons in or in connection with orders to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person.

19. Section 4b(a)(2)(A)-(C) of the Act, as amended by the CRA, applies to defendant's forex transactions "as if" they were a contract of sale of a commodity for future delivery. *See* Section 2(c)(2)(C)(iv) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iv).

20. By making material misrepresentations and providing false statements to pool participants, Defendants violated Sections 4b(a)(2)(A) – (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(2)(A) – (C), which make it unlawful for any person to cheat or defraud or attempt to cheat or defraud; or willfully make or cause to be made to other persons false reports or statements, or willfully enter or cause to be entered for other persons false records; or willfully deceive or attempt to deceive by any means whatsoever other persons

in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with any other person.

21. By making material misrepresentations and providing false statements to pool participants and by misappropriating participant funds through the use of the Internet and other instrumentalities of interstate commerce, Maize Capital, as a CPO, and Ross, as the AP of a CPO, also violated Sections 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A) and (B) (2006), by: (i) employing devices, schemes or artifices to defraud participants or prospective participants, and (ii) engaging in transactions, practices or courses of business that operated as a fraud or deceit upon participants or prospective participants.

22. By using the mail or means or instrumentality of interstate commerce in connection with its business as a CPO while failing to register as such with the Commission, Maize Capital violated Section 4m of the Act, 7 U.S.C. § 6m.

23. By causing participants' funds to be received in the name of Maize Asset and not in the name of the Fund, Maize Capital violated Regulation 4.20(b), 17 C.F.R. § 4.20(b) (2009), and Maize Asset violated Regulation 4.30, 17 C.F.R. § 4.30 (2009).

24. The actions, omissions and failures of Ross described herein were done within the scope of his offices with Maize Capital and Maize Asset. Therefore, pursuant to Section 2(a)(l)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2006), Maize Capital and Maize Asset also are liable as principals for Ross's acts, omissions and failures in violation of the Act.

25. Ross directly or indirectly controlled Maize Capital and Maize Asset and did not act in good faith or knowingly induced, directly or indirectly, Maize Capital's and Maize Asset's

conduct in violation of the Act and Regulations. Consequently, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2006), Ross is liable for Maize Capital's and Maize Asset's violations of Act and Regulations.

**NEED FOR A PERMANENT INJUNCTION AND OTHER ANCILLARY RELIEF**

26. Defendants engaged in acts and practices that violate Sections 4b(a)(1)(A) – (C) and 4b(a)(2)(A) – (C) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1) (A) – (C), and 6b(a)(2) (A) – (C), Sections 4*o*(1)(A) and (B), and 4m of the Act, 7 U.S.C. §§ 6*o*(1)(A) and (B) and 6m (2006), and Regulations 4.20(b) and 4.30, and 17 C.F.R. §§ 4.20(b) and 4.30 (2009). Unless restrained and enjoined by this Court, there is a reasonable likelihood that defendants will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act. Other ancillary statutory and equitable relief is imposed to carry out the goals of the Act.

**PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED THAT:**

**29.** Defendants, in or in connection with any order to make, or the making of, any contract of sale of any commodity

a. in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, or

b. for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market,

are each permanently restrained, enjoined and prohibited from: directly or indirectly cheating or defrauding or attempting to cheat or defraud the other person; willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; and/or willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of subparagraph (b) above, with the other person in violation of Sections 4b(a)(1)(A)-(C) and/or 4b(a)(2)(A)-(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C) and/or 6b(a)(2)(A)-(C);

30. Defendants are each permanently restrained, enjoined and prohibited from engaging, directly or indirectly:

a. Employing any device, scheme or artifice to defraud any client or participant or prospective client or participant or engaging in any transaction, practice, or course of business that operates as a fraud or deceit upon any client or participant or prospective client or participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Sections 4*o*(1)(A) and (B)of the Act, 7 U.S.C. §§ 6*o*(1)(A) and (B) (2006);

b. Using the mails or instrumentalities of interstate commerce in connection with business as a CPO without being registered as such, in violation of Section 4m of the Act, 7 U.S.C. § 6m (2006);

c. Receiving funds, securities or other property from an existing or prospective pool participant for the purchase of an interest or as an assessment (whether voluntary or involuntary) on an interest in a pool that it operates or that it intends to operate other than in the pool's name, in violation of Regulation 4.20(b), 17 C.F.R. § 4.20(b) (2009); and

d. Soliciting, accepting or receiving from an existing or prospective client funds, securities or other property in any of the Defendants' names (or extend credit in lieu thereof) to purchase, margin, guarantee or secure any commodity interest of the client, in violation of Regulation 4.30, 17 C.F.R. § 4.30 (2009);

31. Defendants are each permanently restrained, enjoined and prohibited from engaging, directly or indirectly:

a. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the CRA) ("forex contracts") for their own personal account, and for any account in which they have a direct or indirect interest;

c. Having any commodity futures, options of commodity futures, commodity options, and/or forex contracts traded on their behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options of commodity futures, commodity options, and/or forex contracts;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2009); and

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2009)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2009);

8. The injunctive provisions of this Consent Order shall be binding upon: each of the Defendants; any other persons insofar as they are acting in the capacity of an agent, servant, employee, successor, assign, and attorney of any of the Defendants; and/or upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with any of the Defendants.

**RESTITUTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY OR EQUITABLE RELIEF**

**IT IS HEREBY FURTHER ORDERED THAT:**

**PROVISIONS REGARDING RESTITUTION AND CIVIL MONETARY PENALITES**

9. The issues of necessary statutory and equitable relief regarding restitution for defrauded investors and appropriate civil monetary penalties for Defendants are still unresolved and are hereby reserved for further proceedings before this Court. In order to facilitate resolution of these issues, Defendants are restrained, enjoined and prohibited, until further order of this Court, from directly or indirectly:

a. Withdrawing, transferring, removing, dissipating, concealing or disposing of cash, cashiers' checks, funds, assets or other property of, or within the custody, control or possession of, Defendants, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of investors, wherever located, whether held in the name of any Defendant or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Consent Order; and

b. Destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendants, wherever located, including all such records concerning Defendants' business operations, until further order of the Court.

10. Until further order of this Court, Defendants and each firm, corporation, partnership, association or other person or entity that holds or is a depository of their funds, securities, assets or other property of any kind, are prohibited from directly or indirectly withdrawing, transferring, removing or disposing of any such funds, securities, assets or other property.

11. In connection with the Commission's motion for restitution, disgorgement and/or civil monetary penalties, and at any hearing held on such a motion: (a) Defendants shall be precluded from arguing that they did not violate the federal laws as alleged in the Complaint; (b) Defendants may not challenge the validity of their consents and agreements herein or this Consent Order; (c) solely for the purposes of such motion or hearing, the allegations of the Complaint and the findings and conclusions in this Consent Order shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for restitution, disgorgement and/or civil monetary penalties, the parties may take discovery, including discovery from appropriate non-parties.

12. In order to facilitate the determination of appropriateness of restitution and/or civil monetary penalties and the amounts for such sanctions, Defendants are hereby

ordered to cooperate fully with the Commission and any government agency in their investigation of: a) the amount of funds and proceeds received by Defendants, and losses to Defendants' investors; and b) the identification of Defendants' assets. The Defendants' cooperation obligations shall include, but not be limited to, the following:

a) Fully and truthfully completing financial questionnaire forms and providing any available documentary verification required by the forms;

b) Submitting to a financial deposition or interview should the Commission deem it necessary regarding the subject matter of said form;

d) Fully and truthfully answering all questions regarding his past and present financial condition in such interview or deposition; and

c) Providing any additional documentation within any of the Defendants' possession or control requested by the Commission regarding any of the Defendants' financial condition or status, including, but not limited to, income and earnings, assets, financial statements, asset transfers, and tax returns.

**OTHER PROVISIONS**

13. Authorization: Ross hereby warrants that he is the Chief Operating Officer for Maize Capital and Maize Asset, that this Consent Order has been duly authorized by Maize Capital and Maize Asset, and that he has been duly empowered to sign and submit this Consent Order on behalf of both Maize Capital and Maize Asset.

14. Notices: All notices required to be given by any provision in this Consent Order to the Commission shall be sent certified mail, return receipt requested, as follows:

Notice to Plaintiff Commission:
Director of the Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street NW, Washington, DC 20581

Notice to Defendants Ross, Maize Capital and Maize Asset:
Mark L. Rotert, Esq.
Stetler and Duffy Ltd.
11 S. Lasalle, Suite 1200
Chicago, IL 60603

15. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

16. Invalidation: If any provision of this Consent Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

17. Waiver: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

18. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action in order to resolve reserved issues of restitution and a civil monetary penalty and to implement and carry out the terms of this Consent Order and any suitable application or motion for additional relief within the jurisdiction of the Court.

19. Counterparts and Facsimile Execution: This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Agreement that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

**IT IS SO ORDERED** on this 23rd day of June , 2010.

/s/ James B. Zagel
**JAMES B. ZAGEL**
**UNITED STATES DISTRICT JUDGE**

CONSENTED TO AND APPROVED BY:

Scott M. Ross, individually and as Chief Operating Officer for Maize Capital Management, LLC and Maize Asset Management, LLC, Defendants

___________________________________

Dated: ______________________________

________________________________

Mark L. Rotert
Attorney for Defendants
Stetler and Duffy Ltd
11 S. Lasalle, Suite 1200
Chicago, IL 60603
(312) 338-0214
(312) 338-0200 (fax)
mrotert@stetlerandduffy.com

Dated: ________________________

Commodity Futures Trading Commission

_____________________________

Joseph A. Konizeski
Attorney for Plaintiff
525 W. Monroe St., #1100
Chicago, IL 60661
(312) 596-0546
(312) 596-0714 (fax)
jkonizeski@cftc.gov

_____________________________

Dated: ________________________